UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____

IN RE:
SHEILA M. ADAMS,                                    Chapter 7
        DEBTOR.                              Case No. 09-19164-WCH
_____

WARREN E. AGIN, TRUSTEE,
        PLAINTIFF,
                                                    Adversary Proceeding
v.                                                  No. 11-1126

JPMORGAN CHASE BANK, N.A.,
        DEFENDANT.
_____

**MEMORANDUM OF DECISION**

**I. INTRODUCTION**

The matter before the Court is the "Defendant's Motion for Summary Judgment" (the "Motion for Summary Judgment") filed by the defendant, JPMorgan Chase Bank, N.A. (the "Defendant") and the "Trustee's Opposition to JPMorgan's Motion for Summary Judgment" (the "Opposition") filed by the plaintiff Warren Agin (the "Trustee"), Chapter 7 trustee of the estate of Sheila M. Adams (the "Debtor"). Through the Motion for Summary Judgment, the Defendant seeks a determination that the Trustee is not entitled to avoid a mortgage granted to it by the Debtor by virtue of an alleged defect in the mortgage's description of the property. For the reasons set forth below, I will grant the Defendant's Motion for Summary Judgment.

1

## II. BACKGROUND

The Debtor is the owner of real estate located on Canedy Street in Wareham, Massachusetts (the "Property").[1] The Property is comprised of Lots 30, 31, and 32, as shown on a plan entitled "Plan of Section 2 Rose Point Subdivision Wareham, Mass." (the "Plan") and dated January 16, 1935.[2] Lots 31 and 32 are located at 56 Canedy Street, while Lot 30 is located at 60 Canedy Street.[3] On May 14, 2007, the Debtor granted the Defendant's predecessor-in-interest a mortgage (the "Mortgage") on some portion of the Property to secure a promissory note in the amount of $225,000.[4] Exactly what portion of the Property is subject to the Mortgage is the central dispute in this case. The Mortgage describes the encumbered property as "Parcel ID Number 78-2-31 which currently has the address of 56 Canedy St., W. Wareham, Massachusetts."[5] The Mortgage also indicates that a legal description of the encumbered property is attached and incorporated as "Exhibit A."[6] Exhibit A describes the encumbered property as follows:

> Being Lot 32 as shown on "Plan of Section 2 Rose Point Subdivision Wareham, Mass. . . ." dated January 16, 1935 and filed with the Plymouth County Registry of Deeds in Plan Book 6, Page 650. [the 'Plan Reference']
>
> Being the same premises conveyed to the herein named mortgagor(s) by deed recorded with Plymouth County Registry in Book 18644, Page 4 [the 'Deed Reference'].[7]

---

[1] Motion for Summary Judgment, p. 2.

[2] Concise Statement of Material Facts, Docket No. 32, Exhibit G.

[3] Concise Statement of Material Facts, Docket No. 32, Exhibit D.

[4] Concise Statement of Material Facts, Docket No. 32 at ¶ 6.

[5] Concise Statement of Material Facts, Docket No. 32, Exhibit A to Exhibit E.

[6] *Id.*

[7] *Id.*

Notably, the deed recorded with Plymouth County Registry in Book 18644, Page 4 (the "Deed") conveyed to the Debtor Lot 30, located at 60 Canedy Street, and Lots 31 and 32, located at 56 Canedy Street.[8]  Therefore, although the Mortgage does not on its face mention Lots 30 and 31, it references the prior recorded deed that conveyed Lots 30 and 31.

On April 15, 2011, the Trustee filed a complaint seeking (i) a declaratory judgment regarding the portion of the Property encumbered by the Mortgage, (ii) to avoid the Mortgage pursuant to 11 U.S.C. § 544(a), and (iii) to recover the Mortgage for the benefit of the estate pursuant to 11 U.S.C. § 550(a).  In response, the Defendant filed an answer and a counterclaim for declaratory judgment in its favor.[9]  The Trustee subsequently filed a motion for summary judgment[10], which was denied on June 24, 2011.  On September 30, 2011, the Defendant filed the Motion for Summary Judgment.  The Trustee filed the Opposition on October 11, 2011.[11] After a hearing on November 4, 2011, I took the matter under advisement.

### III. POSITIONS OF THE PARTIES

#### The Defendant

The Defendant argues that the entire Property is subject to the validly recorded Mortgage, and therefore the Trustee's avoidance action is meritless because a hypothetical bona fide purchaser would take subject to the Mortgage.[12]  First, the Defendant contends that title reference to a prior recorded deed is a proper means of identifying land in a mortgage, so the Deed

---

[8] Concise Statement of Material Facts, Docket No. 32, Exhibit D.

[9] Defendant's Answer to Complaint, Docket No. 7.

[10] Trustee's Motion for Partial Summary Judgment on Counts I and II and Defendant's Counterclaim, Docket No. 13.

[12] Motion for Summary Judgment, Docket No. 32 at 4.

3

Reference in Exhibit A successfully incorporated by reference the Deed's property description.[13] Further, the Defendant argues that because a thorough title search requires that all recorded instruments be "considered in their entirety," the Trustee has constructive notice of the Mortgage's applicability to the entire Property, thereby defeating his avoidance claim.[14] Alternatively, the Defendant, citing *Sheftel v. Lebel*[15], argues that to the extent the Mortgage's property description is ambiguous because the Plan Reference and Deed Reference contradict each other, this Court should adopt the Deed Reference, because it is "more certain, unequivocal, and particular."[16] The Defendant contends that the Deed Reference is more specific than the Plan Reference because the Deed provided a metes and bounds description of the Property.

    The Trustee

The Trustee's Opposition asserts that the Mortgage's property description is ambiguous because the Deed Reference and Plan Reference provide conflicting property descriptions.[17] The Trustee then cites *Gen. Builders Supply Co. v. Arlington Coop. Bank*[18] to support the proposition that an ambiguous mortgage cannot be construed against a bona fide purchaser's interest. While the Trustee agrees with the Defendant that the Mortgage is ambiguous, he disagrees with the Defendant's contention that I should adopt Deed Reference because it is more unequivocal than the Plan Reference.[19] The Trustee further argues that there is no authority to support me

---

[13] *Id.* at 6-7. The Defendant cites also various title standards established by the Real Estate Bar Association for Massachusetts (REBA). Although persuasive authority, I need not consider them for the reasons set forth below.

[14] *Id.* at 5.

[15] 44 Mass. App. Ct. 175, 182 (1998).

[16] *Id.* at 9.

[17] Opposition, Docket No. 36 at 3.

[18] 359 Mass. 691 (1971).

[19] *Id.*

4

adopting one of either the Deed Reference or the Plan Reference and rejecting the other, as Massachusetts law gives plan references and deed references equal weight in interpreting property descriptions.[20] Finally, the Trustee argues that I must reform the Mortgage, because the remedy for an incorrect property description in a mortgage is reformation.[21]

IV. **DISCUSSION**

A. The Summary Judgment Standard

Pursuant to Fed. R. Civ. P. 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[22] "A 'genuine' issue is one supported by such evidence that a 'reasonable jury, drawing favorable inferences,' could resolve it in favor of the nonmoving party."[23] Material facts are those having the potential to affect the outcome of the suit under the applicable law.[24]

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.[25]

---

[20] Opposition, Docket No. 36 at 2, citing Mass. Gen. Laws. Ch. 183, § 6A.

[21] Opposition, Docket No. 36 at 3.

[22] Fed. R. Civ. P. 56(a) made applicable in adversary proceedings by Fed. R. Bankr. P. 7056.

[23] *Triangle Trading Co. v. Robroy Indus., Inc.*, 200 F.3d 1, 2 (1st Cir. 1999) (quoting *Smith v. F.W. Morse & Co.*, 76 F.3d 413, 427 (1st Cir. 1996)).

[24] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *McCarthy v. Northwest Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995); *Nereida-Gonzalez v. Tirado-Delgado*, 990 F.2d 701, 703 (1st Cir. 1993).

[25] Fed. R. Civ. P. 56(c)(1).

A genuine issue cannot be established by "conclusory allegations, improbable inferences, and unsupported speculation."[26] The Court must view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor.[27]

### B. The Trustee's Avoidance Powers under 11 U.S.C. § 544

The Trustee has various rights and powers pursuant to 11 U.S.C. § 544(a), including the power to avoid a transfer by the Debtor of an unperfected security interest in real property to the same extent a hypothetical bona fide purchaser could avoid the transfer.[28] In the present case, the Trustee asserts that the Mortgage is an unperfected security interest to the extent it purports to encumber Lots 30 and 31 and seeks to avoid the Mortgage on that basis. The merits of the Trustee's assertion depend on whether the Deed Reference in Exhibit A to the Mortgage successfully incorporates by reference the property description contained in the Deed.

According to Massachusetts law, referencing a title deed in a property conveyance has the "same effect as if the entire description in that deed had been copied into [the] conveyance" where the deed's description is not inconsistent with other descriptions in the mortgage.[29] In the present case, the Deed's property description is not inconsistent with the Mortgage's property description. The Deed describes 56 Canedy Street, consisting of Lots 31 and 32, and 60 Canedy Street, consisting of Lot 30. Meanwhile, the Plan Reference in the Mortgage only refers to Lot 32. Although the Deed's property description enlarges the Mortgage's property description beyond Lot 32, the descriptions are not inconsistent, because both can be given effect at the same

---

[26] *Griggs-Ryan v. Smith*, 904 F.2d 112, 116 (1st Cir. 1990) (*quoting Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990)).

[27] *Nicolo v. Philip Morris, Inc.*, 201 F.3d 29, 33 (1st Cir. 2000).

[28] 11 U.S.C. § 544(a)(3).

[29] *Abbot v. Frazier*, 240 Mass. 586, 593 (1922).

6

Case 11-01126    Doc 42    Filed 12/16/11    Entered 12/19/11 07:40:25    Desc Main
               Document      Page 7 of 8


time – they are not mutually exclusive. Accordingly, the Deed's property description was effectively incorporated by reference into the Mortgage and the entire Property is encumbered.

The result of the incorporation of the Deed's property description into the Mortgage is to provide the Trustee with constructive notice that the Mortgage encumbers the entire Property. While 11 U.S.C. § 544(a) gives a trustee the power to avoid a transfer of an unperfected security interest "without regard to the knowledge of the trustee," the phrase "knowledge of the trustee" has been interpreted to exclude constructive knowledge.[30] A trustee has "constructive notice as to any information which . . . an examination of the instruments in his chain of title would have revealed."[31] Because the Deed was incorporated by reference into the Mortgage such that a proper title search would have revealed the Deed's property description, the Trustee had constructive notice of the full extent of the Mortgage and cannot bring a successful avoidance action.

Where a mortgage's property description is unambiguous, judicial interpretation of the description is a question of law capable of resolution on summary judgment.[32] Therefore, having concluded that the Mortgage's property description is unambiguous, the Defendant is entitled to judgment as a matter of law.[33]

---

[30] *Sandy Ridge Oil Co. v. Centerre Bank Nat'l Assoc. (In re Sandy Ridge Oil Co.)*, 807 F.2d 1332, 1335-36 (7th Cir. 1986).

[31] *Colonial Bank & Trust Co. v. Sheehan*, 357 Mass. 239, 242 (1970).

[32] *Panikowski v. Giroux*, 272 Mass. 580, 582 (1930).

[33] On December 15, 2011, a three judge panel of the United States Bankruptcy Appellate Panel for the First Circuit of which I was a member issued a decision in *Perrino v. BAC Home Loans Serv., LP (In re Trask)*, BAP No. EB 11-043 (B.A.P. 1st Cir. Dec. 15, 2011), on similar, yet distinguishable, facts presented under Maine law. In that case, the debtor owned two adjacent lots with the same street address. As part of a refinancing transaction, the debtor granted a mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for BAC Home Loans Servicing, LP ("BAC") which erroneously described the unimproved lot rather than the lot containing his residence. Moreover, the property description expressly stated that the parcel was only a portion of the premises described in the prior deed. Although the mortgage was a product of mutual mistake, the bankruptcy court found that the

## V. CONCLUSION

In light of the foregoing, I will enter an order granting the Motion for Summary Judgment.

*[signature: William C. Hillman]*

_____
William C. Hillman
United States Bankruptcy Judge

Dated: December 16, 2011

Counsel Appearing:

    Anthony McGuinness, Jeffrey J. Cymrot, Sassoon and Cymrot, Boston, MA
        for Warren Agin, the Chapter 7 trustee
    Donald F. Borenstein, J. Patrick Kennedy, Bulkley, Richardson and Gelinas, LLP,
        Boston, MA and Scott C. Owens, Harmon Law Offices, P.C., Newton, MA, for
        JPMorgan Chase Bank, N.A., the Defendant

---

Chapter 7 trustee, given his status as a hypothetical lien creditor under 11 U.S.C. § 544(a), was an intervening party with an interest superior to the BAC's equitable claim for reformation. The Panel affirmed, concluding that the fact that both lots had the street address, by itself, would not place a diligent title searcher on notice that the property description in the mortgage was in any way suspect.